# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 21 2019, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Wesley Sanders,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 21, 2019

Court of Appeals Case No.
18A-CR-1852

Appeal from the Marion Superior Court

The Honorable Hugh Patrick Murphy, Magistrate

Trial Court Cause No.
49G16-1801-CM-2462

**Najam, Judge.**

# Statement of the Case

Wesley Sanders appeals his conviction for battery, as a Class A misdemeanor, following a jury trial. He presents a single issue for our review, namely, whether the trial court abused its discretion when it admitted into evidence a recording of a 9-1-1 call. We affirm.

# Facts and Procedural History

On December 27, 2017, during the evening, Sanders' girlfriend Dyreece Simmons told Sanders that she wanted "to end the[ir] relationship." Tr. at 72. The next morning, Simmons and her coworker Shelbie Fredette were working at Dress Barn in Indianapolis when Sanders arrived. Sanders and Simmons began to talk and, after Simmons reiterated her desire to break up with him, Sanders hit her with an "open hand," which knocked her glasses off of her face and left a scratch on her nose. *Id.* at 73. Sanders left, and Simmons immediately called 9-1-1 to report the battery.

Indianapolis Metropolitan Police Department Officer Ted Sadownik arrived at Dress Barn and, while he was talking to Simmons, he observed that she was "upset" and had been crying, and he saw a scratch on her nose. *Id.* at 102. Simmons also showed Officer Sadownik her glasses, which were "crushed, broken." *Id.* Simmons told Officer Sadownik that Sanders had hit her.

The State charged Sanders with domestic battery, as a Class A misdemeanor; battery, as a Class A misdemeanor; and criminal mischief, as a Class B misdemeanor. At trial, when the State moved to admit a recording of

Simmons' 9-1-1 call, Sanders objected on hearsay grounds. The trial court overruled his objection and admitted the recording. The jury acquitted Sanders on two charges but found him guilty of one count of battery, as a Class A misdemeanor. The trial court entered judgment of conviction and sentenced Sanders accordingly. This appeal ensued.

## Discussion and Decision

On appeal, Sanders contends that the trial court abused its discretion when it admitted into evidence the recording of Simmons' 9-1-1 call. When Sanders objected to the admission of the recording, the State argued that it was admissible under the excited utterance exception, and the court agreed. Sanders maintains that, while Simmons was "undoubtedly upset" after Sanders hit her, the excited utterance exception does not apply because Simmons' "statements were not inherently reliable." Appellant's Br. at 11. We cannot agree.

The trial court has "inherent discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion." *McManus v. State*, 814 N.E.2d 253, 264 (Ind. 2004) (internal quotation marks omitted). An abuse of discretion occurs when the trial court's judgment "is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Guilmette v. State*, 14 N.E.3d 38, 40 (Ind. 2014).

Hearsay is generally inadmissible. Ind. Evidence Rule 802. However, hearsay may be admissible if it is an excited utterance. Evid. R. 803(2). For a statement

to be an excited utterance, three elements must be shown: (1) a startling event; (2) a statement made by a declarant while under the stress of excitement caused by the event; and (3) that the statement relates to the event. *Fowler v. State*, 829 N.E.2d 459, 463 (Ind. 2005), *abrogated on other grounds*, *Giles v. California*, 554 U.S. 353, 366-68 (2008). "The ultimate issue is whether the statement is deemed reliable because of its spontaneity and lack of thoughtful reflection and deliberation." *Id.* While the amount of time that passed between the startling event and a subsequent statement is, of course, one factor to consider in determining whether the statement was an excited utterance, no precise length of time is required. *Gordon v. State*, 743 N.E.2d 376, 378 (Ind. Ct. App. 2001). In *Fowler*, for instance, the Indiana Supreme Court held that the trial court did not abuse its discretion when it admitted into evidence statements made to an officer fifteen minutes after a startling event. 829 N.E.2d at 463-64.

[8] Here, the evidence shows that the recording of the 9-1-1 call was properly admitted under the excited utterance exception to the hearsay rule. Simmons called 9-1-1 immediately after Sanders hit her, which was a startling event. Indeed, she told the operator that the incident had occurred "a few seconds ago." State's Ex. 4. Fredette observed that Simmons was "upset" and "physically shaking" when Simmons called 9-1-1. The trial court acted within its inherent discretionary power when it admitted into evidence the recording of the 9-1-1 call as an excited utterance.

[9] Affirmed.

Pyle, J., and Altice, J., concur.